UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICROTECH KNIVES, INC. | ) | |
| *Plaintiff*, | ) | CASE NO.     1:15-cv-140-BJR |
| v. | ) | |
| | ) | ORDER GRANTING MOTIONS |
| | ) | TO SET ASIDE ENTRY OF DEFAULT |
| JONATHON BENSON and EXILED | ) | AND DEFAULT JUDGMENT AND |
| EXPORTS LLC. | ) | STRIKING AS MOOT MOTION TO |
| | ) | STAY EXECUTION OF DEFAULT |
| *Defendants*. | ) | JUDGMENT |

## I.    INTRODUCTION

Defendants Jonathon Benson and Exiled Exports, LLC ("Defendants") bring the following three motions: (1) Motion to Set Aside the Entry of Default [Dkt. No. 16], (2) Motion to Set Aside Default Judgment [Dkt. No. 18], and (3) Motion to Stay Execution of Default Judgment [Dkt. No. 20]. Plaintiff Microtech Knives, Inc. ("Plaintiff") opposes the motions. Dkt. No. 22. Having considered the parties' submissions, the relevant case law, and the entire record herein, the Court will: (1) grant Defendants' Motion to Set Aside the Entry of Default and Motion to Set Aside Default Judgment, and (2) strike as moot the Motion to Stay Execution of Default Judgment. The reasoning for this Court's decision is set forth below.

## II.    BACKGROUND

Plaintiff initiated this lawsuit on May 28, 2015, alleging that Defendants are infringing on Plaintiff's registered trademark "Scarab." Dkt. No. 1 ¶ 40. Plaintiff seeks, among other relief, an order permanently enjoining Defendants from using the trademark. *Id*. at ¶ 42. Defendants were

served with a copy of the complaint on or about June 3, 2015. Dkt. No. 10. Accordingly, Defendants' deadline to respond to the complaint was June 23, 2015. As of August 11, 2015, Defendants had not responded to the complaint, so Plaintiff moved for an entry of default. Dkt. No. 11. The Clerk of Court entered default on August 17, 2015. Dkt. No. 12. Later that day, Plaintiff filed a motion for default judgment. Dkt. No. 13.

Also on August 17, Defendants, through their counsel, contacted Plaintiff's counsel regarding the lawsuit.[1] Dkt. No. 22, Ex. 2. Plaintiff's counsel immediately notified Defendants' counsel that default had already been entered in the case and that Plaintiff had filed a motion for default judgment. Plaintiff's counsel alleges that he had no further contact with Defendants' counsel until the filing of the instant motions. Nor did Defendants oppose the motion for default judgment.

This Court granted default judgment on September 9, 2015. Dkt. No. 14. The next day, Defendants filed a motion to set aside the entry of default. Dkt. No. 16. On September 24, they filed a motion to set aside the default judgment, and on September 28, they moved to stay execution of the default judgment. Dkt. Nos. 18 and 20.

### III.    LEGAL STANDARD

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Rule 60(b) states, in pertinent part: "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....or for 'any other reason that justifies relief.'" Fed.R.Civ.P. 60(b)(1), (6). The Court has

---

[1]       The letter was mailed on August 10, 2014, but Plaintiff's counsel did not receive the letter until August 17th. Dkt. No. 22 at 1.

broad discretion in deciding whether to set aside a default judgment. *Momah, M.D. v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995). In general, defaults are not favored because the interests of justice are best served by reaching a decision on the merits. *Id*. The Third Circuit has explicitly stated it "does not favor default judgments and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Thus, motions to set aside default judgments are construed in favor of the movant. *Brokerage Concepts, Inc., v. Nelson Med. Group*, No. 99-5214, 2000 WL 283849, *1 (E.D. Pa. Mar. 15, 2000).

The Third Circuit has articulated a four-part test that courts must consider in deciding whether to set aside a default judgment. This Court must consider: (1) whether the plaintiff will be prejudiced if the default judgment is set aside; (2) whether the defendant has a meritorious defense; (3) whether the default was the product of defendant's culpable conduct; and (4) whether alternative sanctions would be effective. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

## IV.    DISCUSSION

Defendants allege that they failed to respond to the complaint in a timely manner because "on July 18, 2015, Mr. Benson was informed that his 27 year-old nephew had unexpectedly died." Dkt. No. 16 at 2. They further allege that from "that day until August 8, 2015 [Mr. Benson] was committed to helping his brother, as the deceased had died in New Jersey, but Mr. Benson and his brother live in Colorado." *Id*. Plaintiffs counter that while the death is unfortunate, it does not constitute good cause for Defendants' failure to timely respond to the complaint or to timely oppose the motion for entry of default judgment.

### A.    Prejudice to Plaintiff

A plaintiff is prejudiced by the setting aside of a default judgment when "plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors. *Dizzley v. Friends Rehab. Program*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001). Here, Plaintiff does not allege that it will suffer prejudice if the default judgment is set aside. What is more, the fact that Plaintiff "will have to go forward with the merits of its case rather than simply obtaining a default judgment does not constitute prejudice." *Blue Ribbon Commodity Traders, Inc. v. Quality Foods Distributors*, 2007 WL 4323001, *2 (E.D. Pa. December 11, 2007). Accordingly, the Court finds that this prong weighs in favor of setting aside the default judgment.

### B.    Meritorious Defense

Next, this Court must consider whether Defendants have presented a meritorious defense to Plaintiff's claims. Defendants assert that a question of fact exists as to whether Plaintiff owns the trademark in question, and further assert that even if Plaintiff is the owner, Defendants have not infringed the trademark. Such allegations, if true, would operate to shield Defendants from liability in this lawsuit. Therefore, the Court finds that these allegations are enough to establish a meritorious defense for the purposes of setting aside a default judgment. Defendants are not required to prove their case at this stage. They "must only allege facts, that if later proven, would constitute a defense." *Blue Ribbon*, 2007 WL 4323001 at *3.

### C.    Culpable Conduct

Rule 60(b) allows a court to set aside a default judgment for "mistake, inadvertence, surprise [,] excusable neglect…[or for] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). In this Circuit, "[e]ven where neglect is inexcusable, and where the Court cannot

condone a defendant's failure to respond to a lawsuit for an extended period of time, culpable conduct warranting the refusal to set aside default must rise to the level of 'flagrant bad faith,' and 'callous disregard of responsibility.'" *Blue Ribbon*, 2007 WL 4323001, *3 (quoting *Griffen v. Alpha Phi Alpha, Inc.*, 2006 WL 3302438, at *4 (E.D. Pa. Nov.9, 2006)).

Here, Defendants argue that their failure to respond to the complaint in a timely manner due to the death of Mr. Benson's nephew constitutes excusable neglect. The problem with Defendants' argument is that the nephew's death occurred on July 18, 2015, twenty-five days *after* the answer or other responsive pleading to the complaint was due. *See* Dkt. No. 18, Ex. 1. In addition, Defendants claim that Mr. Benson returned to his usual business practice by August 10, 2015, yet, as of August 17, 2015, Defendants still had not responded to the complaint and the Clerk of the Court entered default. *Id.* Defendants still did not respond to the lawsuit even after being notified that the Clerk had entered default. It was only after default judgment was entered nearly a month later that Defendants finally took action and filed the motion to set aside the Clerk's entry of default. Clearly, such dilatory conduct on the part of Defendants cannot constitute excusable neglect.

On the other hand, Defendants direct the Court's attention to correspondence between Mr. Benson and Plaintiff's counsel that indicated Defendants had been attempting to clarify and even resolve the allegations contained in the complaint from as early as June 12, 2015. *See* Dkt. No. 18, Ex. 3. Therefore, this Court concludes that while Defendants showed a lack of diligence in complying with court imposed deadlines, their behavior does not rise to the level of culpable conduct that warrants denying their motion to set aside the default judgment.

### D. Alternative Sanctions

Finally, the Court must consider the appropriateness of alternative sanctions. While this Court finds that Defendants' conduct does not warrant denial of their motion to set aside the default judgment, Defendants did act in a dilatory manner that caused Plaintiff to file two unnecessary motions and wasted this Court's time and resources. Therefore, a monetary sanction may be appropriate. Plaintiff is invited to file a motion for reasonable attorney's fees and costs it incurred in bringing the motions for default and in opposing the instant motions. *See*, *e.g.* *Eash v. Riggins Trucking, Inc*., 757 F.2d 557, 570 (3d. Cir. 1985).

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Default [Dkt. No. 16] and Motion to Set Aside Default Judgment [Dkt. No. 18] are HEREBY GRANTED. Defendants' Motion to Stay Execution of Default Judgment is DENIED as moot. Defendants shall file an answer or other responsive pleading to the complaint on or before November 9, 2015. In addition, if Plaintiff so chooses, the Court will entertain a request for reasonable attorney's fees and costs that Plaintiff incurred in bringing the Motion for an Entry of Default [Dkt. No. 11], Motion for Default Judgment [Dkt. No. 13], and in defending against Defendants' motions. Such a request, if any, shall be filed on or before November 18, 2015. Defendants' response shall be filed on or before November 25, 2015 and the reply shall be filed on or before December 4, 2015.

Dated this 30th day of October, 2015.

Barbara Jacobs Rothstein
U.S. District Court Judge